# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Martha J. McCampbell, by and through, her guardian and conservator, Julie A. Hidani,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>David C. McCampbell, and Laura O. McCampbell, jointly and severally,<br><br>　　　　　Defendants. | Civil No. 18-1543 (DWF/TNL)<br><br>**MEMORANDUM OPINION AND ORDER** |

Francis J. Rondoni, Esq., and Margaret Mary Grathwol, Esq., Chestnut Cambronne, PA, counsel for Plaintiff.

Karin Ciano, Esq., Karin Ciano Law PLLC; and Kirstin E. Helmers, Esq., and Rodney J. Mason, Esq., Rodney J. Mason Ltd, counsel for Defendant.

# INTRODUCTION

This matter is before the Court on a motion to dismiss filed by Defendants David C. McCampbell and Laura O. McCampbell. (Doc. No. 14.) Defendants argue that the Court should dismiss the case for lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, and failure to join necessary parties. (*Id.*) For the reasons set forth below, the Court denies Defendants' motion.

## BACKGROUND

This is a diversity action largely related to a trust created in 2013 by Jean E. McCampbell ("Jean"). (Doc. No. 1 ("Compl.") ¶ 13.) Jean is the mother of both Plaintiff, Martha J. McCampbell ("Martha"), and Defendant, David C. McCampbell ("David"). Defendant, Laura O. McCampbell ("Laura") is David's wife. (Compl. ¶¶ 7, 10). Jean has four other surviving children. (*See id*. ¶ 10.)

Martha is sixty years old and suffers from medical and mental health conditions that inhibit her ability to care for herself. (*Id.* ¶ 2.) On March 14, 2018, the Hennepin County District Court appointed Martha and David's sister, Julie A. Hidani ("Julie"), as Martha's limited guardian and conservator of her estate. (*Id. ¶* 6.) Martha brings this suit by and through Julie, alleging civil theft, conversion, breach of fiduciary duty, financial exploitation, and unjust enrichment by excluding Martha from trust assets and Social Security income she was allegedly entitled to. (*Id.* at 1, ¶¶ 37-67.)

In early 2013, David and Laura moved from Wisconsin to Minnesota to care for David's aging parents, Richard and Jean, and Martha. (Doc. No. 17 ("David Decl.") ¶¶ 12-15.) The five of them lived together in Richard and Jean's home; it was David's understanding that he and Laura would eventually inherit the home in exchange for providing full time care and financial oversight.[1] (*Id*. ¶ 14.) Richard died on April 8, 2013. (Compl. ¶ 12). Shortly after her husband's death, Jean executed a will and the

---

[1] Financial oversight included paying taxes, paying off significant debts, and directing income to pay for care and support. (David Decl. ¶¶ 16-17, 19.)

Jean E. McCampbell Trust Agreement. (Compl. ¶¶ 13-14; *see also* David Decl. ¶ 21, Ex. 1, 2 ("Trust").)

The Trust names Jean and David as trustees during Jean's lifetime, and David as sole trustee upon Jean's death. (David Decl. ¶ 23, Trust at 1.) The Trust also names David and Laura as primary beneficiaries of its assets, including Jean's principal residence located in Golden Valley, Minnesota 55426 ("Home"). (*See id.* ¶ 22, Trust ¶ 2.3.4.) The Trust further provides:

> If both DAVID C. MCCAMPBELL and LAURA O. MCCAMPBELL do not survive me, then the remaining trust assets will be distributed to my daughter, JULIE A. HIDANI, if she survives me, or if JULIE A. HIDANI does not survive me, to my son, RICHARD E. MCCAMPBELL JR., if he survives me, or if RICHARD E. MCCAMPBELL, JR. does not survive me, to my children named below who survive me…MARY E. NEVEAUX, my daughter; MARTHA .J. MCCAMPBELL, my daughter; and SHEILA L. MEAGHER, my daughter.

(*See id.* ¶ 22, Trust ¶¶ 2.3.4-2.3.4.3.) The Trust also stipulates that if Martha is under the age of 65, any share she is entitled to should be distributed to a Supplemental Needs Trust. (*Id.* ¶ 2.3.4.)

David and Laura lived in the Home with Jean and Martha until December 2014. (David Decl. ¶ 27.) Jean, Laura, and David then signed a mortgage to purchase a "newer, quieter, handicapped-accessible home in Menomonie, Wisconsin." (*Id.*) Instead of titling the new home in the Trust, it was titled in the names of David, Laura, and Jean. (*Id.* ¶ 29.) The Home was sold on March 20, 2015 for $258,500. (Compl. ¶¶ 24-25.)

The net proceeds of the sale paid off the mortgage on the new home, as well as a home equity line of credit on the Home. (David Decl. ¶ 28.)

Jean suffered a stroke on December 15, 2015 and subsequently moved into a skilled nursing facility. (*Id.* ¶ 31.) During the spring of 2016, Julie expressed a desire to move both Jean and Martha back to Minnesota. (*Id.* ¶ 33.) While David opposed Jean's transfer on account of her poor health, Martha returned to Minnesota on August 12, 2017. (*Id.* ¶ 33-35.) Jean passed away in Wisconsin on September 16, 2017. (*Id.* ¶ 38.) David and Laura continue to reside in Wisconsin. (*Id.* ¶ 46; Doc. No. 18 ¶ 25.)

Martha, by and through, Julie, alleges that the proceeds from the sale of the Home should have been allocated and distributed to her Supplemental Needs Trust, as required by the Trust. (*See* Compl. ¶ 29.) She also argues that during the four years she lived with David and Laura, they wrongfully took and kept her Social Security income and that after she moved out, they sold her car without sharing the proceeds. (*See id.* ¶ 22; David Decl. ¶ 41.) David and Laura move to dismiss her Complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, and failure to join necessary parties. (Doc. No. 14.)

## DISCUSSION

### I. Legal Standard

#### A. Subject Matter Jurisdiction

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the Court's subject matter jurisdiction. To survive a motion to dismiss for lack of subject matter jurisdiction, the party asserting jurisdiction has the burden to prove jurisdiction

4

exists. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000) (citation omitted). "Subject-matter jurisdiction is a threshold requirement which must be assured in every federal case." *Kronholm v. F.D.I.C.*, 915 F.2d 1171, 1174 (8th Cir. 1990).

A motion to dismiss for lack of subject matter jurisdiction may challenge a plaintiff's complaint either on its face or on the factual truthfulness of its averments. *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (citations omitted). When a defendant brings a facial challenge—that is, even if the allegations were true, they lack an essential element for jurisdiction—a court reviews the pleadings alone, and assumes the allegations are true. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993); *accord Osborn*, 918 F.2d. at 729 n.6. In a factual challenge to jurisdiction, the court may consider matters outside the pleadings and weigh the accuracy of the allegations. *Titus*, 4 F.3d at 593; *accord Osborn*, 918 F.2d. at 729 n.6.

Here, David and Laura bring a facial challenge that the "probate exception" precludes federal jurisdiction. The probate exception is a judicially-created limitation which deprives a federal court of jurisdiction to probate wills or administer estates. *See Marshall v. Marshall*, 547 U.S. 293, 299, 311-312 (2006); *Sianis v. Jensen*, 294 F.3d 994, 997 (8th Cir. 2002). David and Laura allege that this dispute, though styled as other claims, is actually about Jean's estate and that in order to determine whether Martha is entitled to any of the relief she seeks, this Court will be required to construe Jean's will and Trust. (Doc. No. 16 ("Defs.' Memo.") at 5.) The Court disagrees.

5

The probate exception "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from disposing of property that is in the custody of a state probate court. *But it does not bar federal courts* from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006) (emphasis added). The general principle is that when one court is exercising *in rem* jurisdiction over a *res*, a second court can not assume *in rem* jurisdiction over the same *res*. *Id.*

Here, Martha's claims do not involve the administration of an estate, the probate of a will, or any other purely probate matter. There is no *res* subject to another court's jurisdiction. Even if the Court is asked to construe the Trust, the probate exception does not preclude jurisdiction. *See Sianis v. Jensen*, 294 F.3d 994, 999 (8th Cir. 2002) (finding that the probate exception did not deprive a district court of jurisdiction to adjudicate validity of a trust). "Because the probate exception is a judicially-created limitation on our jurisdiction, not one mandated by Congress, we construe it narrowly." *Id.* The Court finds that it has subject matter jurisdiction and denies David and Laura's motion to dismiss under Fed. R. Civ. P. 12(b)(1).

## II.  Personal Jurisdiction

David and Laura also seek to dismiss Martha's claims for lack of personal jurisdiction. To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that personal jurisdiction exists; that is, a plaintiff must allege facts to support a reasonable inference that a defendant may be subjected to jurisdiction in the chosen forum. *Steinbuch v. Cutler*, 518 F.3d 580, 585 (8th Cir. 2008)

(citing *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004)). If, as is the case here, the defendants deny jurisdiction, the plaintiff bears the burden of proving facts supporting personal jurisdiction. *See Wells Dairy, Inc. v. Food Movers Int'l, Inc.*, 607 F.3d 515, 518 (8th Cir. 2010) (quotation omitted). Once a defendant offers affidavits to challenge personal jurisdiction, "facts, not mere allegations, must be the touchstone" in determining whether personal jurisdiction exists. *Dever*, 380 F.3d at 1072 (citation omitted); *see also Abbasi v. Leading Edge Aviation Servs., Inc.*, Civ. No. 16-295, 2016 WL 4007571, at *3 (D. Minn. July 26, 2016).

Personal jurisdiction is a two-step analysis: the Court must have statutory and constitutional authority for exercising jurisdiction over the defendant. Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, 4A *Fed. Prac. & Proc.* § 1069 (4th ed. 2018).

### A. Statutory Jurisdiction

Federal Rule of Civil Procedure 4(k) provides that a court can exercise jurisdiction over a defendant if: (1) jurisdiction is allowed under the state long-arm statute; (2) the party is served within 100 miles of the courthouse; or (3) service is allowed under a federal statute. Here, Martha must show that jurisdiction is allowed under Minnesota's long-arm statute. Minnesota's long-arm statute "extend[s] the personal jurisdiction of Minnesota courts as far as the Due Process Clause of the federal constitution allows." *Valspar Corp. v. Lukken Color Corp.*, 495 N.W.2d 408, 410 (Minn. 1992). Thus, the statutory and constitutional analyses are coextensive.

7

## B. Constitutional Jurisdiction

"Because Minnesota's long-arm statute extends jurisdiction to the maximum limit consistent with due process, we need only evaluate whether . . . the requirements of due process [are] satisfied." *Wessels, Arnold & Henderson v. Nat'l Med. Waste, Inc.*, 65 F.3d 1427, 1431 (8th Cir. 1995).

"Due process allows a court to exercise personal jurisdiction over a non-resident defendant when the defendant has 'certain minimum contacts' with [the state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* at 1431-32 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The defendant's contacts with the forum state must not be "random, fortuitous, or attenuated" but instead must arise because the defendant has "purposefully avail[ed]" itself of the privilege of conducting activities in the state, thus invoking the benefits and protections of its laws. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quotation marks omitted).

Further, personal jurisdiction may be either general or specific. When a defendant's activities in the forum state are "continuous and systematic," a court may assert general jurisdiction over the defendant and hear all claims against the defendant. *Johnson v. Arden*, 614 F.3d 785, 794 (8th Cir. 2010). On the other hand, when a defendant has purposely directed its activities at the forum state, a court may assert specific jurisdiction over the defendant and hear claims that arise out of or relate to those activities. *Id.*

Courts analyze five factors to evaluate whether jurisdiction is valid: (1) the nature and quality of the defendant's contact with the forum state; (2) quantity of the contacts; (3) source and connection of the cause of action with those contacts; and, to a lesser degree (4) the interest of the forum state; and (5) the convenience of the parties. *Wessels*, 65 F.3d at 1432. "The first three factors determine whether minimum contacts exist and the last two factors determine whether jurisdiction is reasonable according to traditional notions of fair play and substantial justice." *Juelich v. Yamazaki Mazak Optonics Corp.*, 628 N.W.2d 565, 570 (Minn. 2004).

Here, Martha alleges that David and Laura are subject to specific jurisdiction because they personally directed their activities at Minnesota when they sold property in the state and allegedly diverted the assets from its sale. (Doc. 22 ("Opp.") at 13.) David and Laura maintain that the Court lacks both general and personal jurisdiction because they are Wisconsin residents who do not have continuous and systematic contacts with Minnesota, and because they did not purposefully avail themselves to the privilege of conducting activities within Minnesota or invoking the protections of its laws simply by selling a home there. (*See* Doc. No. 24 ("Reply") at 6.) They further argue that because neither Martha nor her siblings challenged the ownership of the Home, the right to sell it, or the terms of the sale when it sold in 2015, the fact that Minnesota law might have applied at that time is irrelevant to support specific jurisdiction in this proceeding. (*Id.*)

The Court disagrees. The sale of the Home is a substantial part of the events giving rise to Martha's claims. This sale occurred in Minnesota. The fact that Martha brings a challenge in 2018 as opposed to 2015 does not alter the fact that Minnesota law

9

applies. A single, deliberate contact will support personal jurisdiction over a suit related to that contact. *See Pope v. Elabo GmbH*, 588 F. Supp. 2d 1008, 1020 (D. Minn. 2008). Here, setting aside any other personal contact with the state, the Court finds that the sale of the Home is sufficiently linked to Martha's claims to satisfy the first three factors. Further, Minnesota has an interest in providing a forum to a vulnerable adult located within the state, and it is the most convenient forum for all parties.[2] The Court therefore concludes that exercising personal jurisdiction over David and Laura is reasonable and does not "offend traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316.

**III. Venue**

David and Laura also argue dismissal for improper venue. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss." 28 U.S.C. § 1406(a). A civil case is properly venued in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). Venue is also proper in "any judicial district in which any defendant is subject to the court's personal jurisdiction." 28 U.S.C. 1391(b)(3).

As discussed above, the sale of the Home is a substantial part of the events giving rise to Martha's claims. Further, this Court has personal jurisdiction. David and Laura fail to show that the District of Minnesota is an improper venue for this case—a

---

[2] The District Court for the Western District of Wisconsin is a significantly greater distance from defendants than the District Court for the District of Minnesota.

prerequisite for dismissal under § 1406(a). Accordingly, the Court finds that venue is proper in the District of Minnesota and denies David's and Laura's motion to dismiss based on improper venue.

## IV.     Failure to Join Necessary Parties

Finally, David and Laura argue that dismissal is appropriate because any relief will require construction of the Trust and Martha has failed to join all of its beneficiaries. The Court finds this argument premature and does not address it.

## CONCLUSION

While the Court finds that it has jurisdiction over this case, it is difficult for the Court to understand how continued litigation will benefit either party. The Court believes it is in the best interests of the parties to settle this case.[3]

## ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. No. [14]) is **DENIED**.

Dated: October 12, 2018               s/Donovan W. Frank
                                      DONOVAN W. FRANK
                                      United States District Judge

---

[3] If the parties would like the Court's assistance in pursuing a settlement, they may contact chambers and the Court will help coordinate priority scheduling of a settlement conference with the Magistrate Judge.